**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| Garth James Treadway, | ) | |
| | ) | |
| Petitioner, | ) | 4:05-cv-3359-CWH |
| | ) | |
| vs. | ) | |
| | ) | |
| United States of America, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |
| | ) | |

On December 2, 2005, pursuant to 28 U.S.C. §2255, the petitioner commenced this pro se action attacking his guilty plea and sentence. On April 23, 2002, a federal grand jury charged the petitioner in a three count indictment. Counts One and Two charged the petitioner with possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Count Three charged the petitioner with knowingly and unlawfully transporting in interstate commerce a stolen motor vehicle in violation of 18 U.S.C. §2312.

On June 14, 2002, the petitioner pled guilty to Counts One and Two of the indictment. On May 1, 2003, the court sentenced the petitioner to 120 months in prison for count 1 and 48 months in prison for Count 3 to run concurrently, followed by 3 years supervised release. On July 23, 2003, the court entered judgment.

The petitioner alleges that his sentence violates the principles set forth by the Supreme Court in United States v. Booker, 543 U.S. 220 (2005). The petitioner also alleges ineffective assistance of counsel.

On April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. §2255 was amended to provide for a statute of limitations period:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction became final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution of laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or errors presented could have been discovered through the exercise of due diligence.

The Court entered judgment against the petitioner on July 23, 2003. The petitioner filed this action on December 2, 2005, more than two years after the petitioner's judgment became final.

The petitioner claims that the Supreme Court recognized a new right in Booker and that the right became retroactively applicable. The Supreme Court, however, clearly stated that its holding in Booker must be applied "to all cases on direct review." Id. at 225. Subsequent to the decision in Booker, the Fourth Circuit ruled that Booker "is not available for post-conviction relief for federal prisoners, . . . whose convictions became final before Booker . . . was decided." United States v. Morris, No. 04-7889, 2005 WL 2950732 *6 (4th Cir. 2005). Therefore, Booker does not apply retroactively to criminal cases that became final before its release on January 12, 2005, and the one year limitations period, consequently, did not begin to run when the Supreme Court issued its opinion in Booker.

Although the limitations period is an affirmative defense, a Court may *sua sponte* dismiss

a section 2255 petition as untimely.  Hill v. Braxton, 277 F.3d 701, 705 (4th Cir. 2002); see also United States v. Sosa, 364 F.3d 507, 510 n. 4 (4th Cir. 2004)(applying the holding in Hill v. Braxton to motions under section 2255).  The Court's *sua sponte* consideration of a limitations period is consistent with Rule 4(b) of the Federal Rules governing section 2255 cases, which provides that a Court shall dismiss a motion if it plainly appears that the moving part is entitled to no relief, even in the absence of a responsive pleading from the government.

This action is subject to dismissal pursuant to the one year limitation period provided for in 28 U.S.C. §2255.  Unless the petitioner can demonstrate that the petition was filed within the proper time period, this action will be dismissed.  The petitioner shall have 60 days from the date of this order to file any material he wishes to support a claim that this action has been filed within the limitations period described above.

**AND IT IS SO ORDERED**.

*/s/ C. Weston Houck*
_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

December 13, 2005
Charleston, South Carolina