**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| Garth James Treadway, | ) | |
| | ) | |
| Petitioner, | ) | 4:05-cv-3359-CWH |
| | ) | |
| vs. | ) | |
| | ) | |
| United States of America, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |

On December 2, 2005, pursuant to 28 U.S.C. §2255, the petitioner commenced this pro se action attacking his guilty plea and sentence. On December 13, 2005, the Court ordered the petitioner to file any material he wishes within 60 days to support a claim that the petition was filed within the limitations period. The petitioner failed to do so. This matter is now before the Court for disposition.

On May 1, 2003, the petitioner was sentenced to a term of 168 months in prison followed by 3 years supervised release. On May 14, 2003, the Court entered judgment, thereby making the petitioner's conviction final. The petitioner did not appeal.

On April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. §2255 was amended to provide for a statute of limitations period:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction became final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution of laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or errors presented could have been discovered through the exercise of due diligence.

28 U.S.C.A § 2244(d)(1).

The petitioner, therefore, could have applied for relief under 28 U.S.C. § 2255 until May 14, 2004. He failed to do so. This petition is time-barred.

The petitioner attempts to avoid the time limitations set forth above by claiming that his sentence was imposed in violation of Booker v. United States, 543 U.S. 220 (2005). This claim is without merit because the Supreme Court clearly stated that its holding in Booker must be applied "to all cases on direct review." Id. at 225. Subsequent to the decision in Booker, the Fourth Circuit Court of Appeals ruled that Booker "is not available for post-conviction relief for federal prisoners, . . . whose convictions became final before Booker . . . was decided." United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005). Therefore, Booker does not apply retroactively to criminal cases that became final before its release on January 12, 2005. The petitioner's conviction became final in 2004.

Although the limitations period is an affirmative defense, a Court may *sua sponte* dismiss a 28 U.S.C. § 2255 petition as untimely. Hill v. Braxton, 277 F.3d 701, 705 (4th Cir. 2002); see also United States v. Sosa, 364 F.3d 507, 510 n. 4 (4th Cir. 2004)(applying the holding in Hill v. Braxton to motions under 28 U.S.C. § 2255). The Court's *sua sponte* consideration of a limitations period is consistent with Rule 4(b) of the Federal Rules governing 28 U.S.C. § 2255 cases, which provides that a Court shall dismiss a motion if it plainly appears that the moving

party is entitled to no relief, even in the absence of a responsive pleading from the government.

The Court therefore dismisses the petition as untimely.

**AND IT IS SO ORDERED**.

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

May 24, 2006
Charleston, South Carolina